**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:**
   **KING, Kathleen A.**　　　　　　　　　　　　　　**Chapter 13**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Case # 08-18286-WCH**
　　　　　　　　　　　　**Debtors**

**ORDER CONFIRMING CHAPTER 13 PLAN**

    The Debtor filed a Chapter 13 Plan (the "Plan") on <u>November 14, 2008.</u> The Debtor filed a Certificate of Service on <u>November 14, 2008</u>, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

    1.    The Plan is confirmed. The term of the Plan is <u>36</u> months.

    2.    The Debtor shall pay to the Chapter 13 Trustee the sum of <u>$150.00</u> per month commencing <u>December 1, 2008</u> which payments shall continue through the completion of the Plan and shall be made on the <u>1st</u> day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: <u>Carolyn A. Bankowski, Chapter 13 Trustee, P.O. Box 1131 Memphis TN  38101-1131.</u>

    3.    The effective date of confirmation of the Plan is <u>December 1, 2008.</u> The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The Debtor shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The Debtor shall be responsible for preserving and protecting property of the estate.

Dated: _____　　　　　　　　　　　　　　_William C. Hillman_
bc　　　　　　　　　　　　　　　　　　　　　　　　　　　　　5/21/2009

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:**
    **KING, Kathleen A.**
                    **Debtor(s)**

**Chapter 13**
**Case # 08-18286-WCH**

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

1. **Modified Secured Claims**

The secured claim of EverHome Mortgage is being modified as follows:

The Debtor shall surrender the property located at 119 Highland Ave. Athol, MA to EverHome Mortgage. The Debtor has included an estimated deficiency claim of $50,000.00 as an unsecured claim in Section 5 of this order.

2. **Unmodified Secured Claims**

Capital One Auto Finance is retaining its lien on the 2008 GMC Envoy. The Debtor shall make regular payments in accordance with the contract with Capital One Auto Finance outside of the plan.

3. **Administrative Claims**

Richard Smeloff, Esq. shall receive his legal fee in the sum of $2,000.00 over the first 12 months of the plan.

4. **Priority Claims**

NONE

5. **Unsecured Claims**

The holders of unsecured claims totaling $150,205.00* shall receive a dividend of no less than 1.90%.

\* This sum includes the claim of EverHome Mortgage in the amount of $50,000.00.

6. **Other Pertinent Provisions**

The Trustee's ability to make monthly payments to creditors as proposed in the Plan is subject to the Trustee's timely receipt of the Debtors full monthly plan payment.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:
    KING, Kathleen A.

                        Debtor(s)

Chapter 13
Case # 08-18286-WCH

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the Debtor(s), Debtors counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid or by electronic filing.

Dated: April 20, 2009

Respectfully submitted,

By: /s/ **Carolyn Bankowski**
Carolyn Bankowski, BBO#631056
Patricia A. Remer, BBO #639594
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114-0033
617-723-1313

**SERVICE LIST**

Kathleen King
69 Kirk Circle
Plymouth, MA 02360

Richard D. Smeloff, Esq.
100 Grossman Dr. Ste. 305
Braintree, MA 02184

Ascension Capital Group, Inc.
Attn: Capital One Auto Finance Dept.
Acct # 5364
P.O. Box 201347
Arlington, TX 76006

EverHome Mortgage
8100 Nations Way
Jacksonville, FL 32256

MDOR/CSE
P.O. Box 9561
Boston, MA 02114

United States Bankruptcy Court
District of Massachusetts

# CHAPTER 13 PLAN

Filing Date: _____    Docket #: _____

Debtor: **King, Kathleen A**_____    Co-Debtor: _____

SS#: **9291**_____    SS#: _____

Address: **69 Kirk Circle**_____    Address: _____

**Plymouth, MA  02360**_____    _____

_____

Debtor's Counsel:

**Smeloff & Benner**
**100 Grossman Drive  Suite 305**
**Braintree, MA  02184**

**(781) 843-2323**
**(781) 843-2324**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

United States Bankruptcy Court
District of Massachusetts

# CHAPTER 13 PLAN

Docket#:

DEBTORS: (H) <u>King, Kathleen A</u>                    SS# <u>9291</u>
                (W) _____    SS# _____

TERM OF THE PLAN <u>36</u> Months.
(If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C § 1322 (d)(2), a statement of cause under must be attached hereto.)
PLAN PAYMENT: Debtor(s) to pay monthly: $ <u>150.00</u>.

## I. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **EVERHOMEMORTGAGE** | The secured claim of the Debtor's home is being paid as unsecured through the plan. | |

Total of secured claims to be paid through the Plan: $ <u>0.00</u>

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Capital One Auto Finance** | **2008 GMC Envoy** |

## II. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $ <u>0.00</u>

## III. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ <u>2,000.00</u>.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## IV. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of <u>1.90</u>% of their claims.

A. General unsecured claims: .................................................................................................................. $ <u>150,205.00</u>

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ __150,205.00__

D. **Multiply total by percentage: $ 2,860.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ __0.00__

V. **OTHER PROVISIONS:**

A. Liquidation of assets to be used to fund Plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

C. Assumption/Rejection of Leases:
**None**

D. Miscellaneous provisions:

**CALCULATION OF PLAN PAYMENT:**

a. Secured claims (Section I-A Total): .............................................................................$ __0.00__
b. Priority claims (Section II-A & B Total): .....................................................................$ __0.00__
c. Administrative claims (Section III A & B Total): ........................................................$ __2,000.00__
d. Regular unsecured claims (Section IV – D Total): .......................................................$ __2,860.00__
e. Separately classified unsecured claims (Section IV – E Total): ...................................$ __0.00__
f. Total of a + b + c + d + e above: ..................................................................................$ __4,860.00__
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: ................................$ __5,400.00__
  (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **36** months
i. Round up to nearest dollar: Monthly Plan Payment: ....................................................$ __150.00__
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty ( 30 ) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

**LIQUIDATION ANALYSIS**

I. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **119 Highland Aveune-SURRENDERING** | 164,000.00 | 179,158.00 |

Total Net Equity for Real Property:   $ __0.00__
Less Total Exemptions (Schedule C):   $ __0.00__
Available Chapter 7:   $ __0.00__

II. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| 2008 GMC Envoy | 25,000.00 | 29,480.00 | 0.00 |

Total Net Equity:             $        0.00
Less Total Exemptions (Schedule C):   $    0.00
Available Chapter 7:          $        0.00

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)


Total Net Value:              $    4,660.00
Less Exemptions (Schedule C): $    4,660.00
Available Chapter 7:          $        0.00

**SUMMARY (Total amount available under Chapter 7):**

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ **0.00**.
Additional Comments regarding Liquidation Analysis:


**Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.**
**/s/ Richard D. Smeloff**                              **November 14, 2008**
Debtor's Counsel                                        Date

Counsel's Address:
**Smeloff & Benner**
**100 Grossman Drive  Suite 305**
**Braintree, MA  02184**

Tel. # **(781) 843-2323**                    Email Address: **rsmeloff@msn.com**


**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**
**/s/ Kathleen A King**                                 **November 14, 2008**
Debtor                                                  Date
                                                        **November 14, 2008**
Debtor                                                  Date

## CERTIFICATE OF SERVICE

I, Richard D. Smeloff, Esq., hereby certify that I have served a copy of the within Chapter 13 Plan to the attached distribution service list.


/s/ Richard D. Smeloff, Esq.
Richard D. Smeloff, Esq.

Capital One Auto Finance
PO Box 255605
Sacremento, CA   95865


Cbc/aes/nct
1200 N 7th St
Harrisburg, PA   17102


Everhome Mortgage Co
8100 Nations Way
Jacksonville, FL   32256


Everhome Mortgage Co.
8100 Nations Way
Jacksonville, FL   32256


Hsbc Bank
Po Box 5253
Carol Stream, IL   60197


Mike King
119 Highland Avenue
Athol, MA   01331


Navy Federal Cr Union
820 Follin Ln Se
Vienna, VA   22180


Quincy Credit Union
100 Quincy Ave
Quincy, MA   02169


Sallie Mae
1002 Arthur Dr
Lynn Haven, FL   32444

Town Of Athol
584 Main Street, Room 17
Athol, MA   01331